E-FILED
Thursday, 01 October, 2026 11:44:36 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **FRANK DAVIS JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 25-cv-3191** |
| **v.** | ) | |
| | ) | |
| **ANDREW AFFRUNTI,** | ) | |
| **Defendant.** | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

This is a civil rights action under 42 U.S.C. § 1983. Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 32). For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## I. FACTUAL BACKGROUND[1]

Pro se Plaintiff Frank Davis Jr. filed a Complaint under § 1983 alleging false arrest and malicious prosecution against Montgomery County State's Attorney Andrew Affrunti. (Doc. 1). Affrunti previously moved to dismiss the complaint based on prosecutorial immunity. (Doc. 14). The motion to dismiss was granted on May 5, 2026, and Plaintiff was granted leave to file an Amended Complaint. (Doc. 29). Davis filed an Amended Complaint on May 22, 2026. (Doc. 31). Affrunti now moves to dismiss the Amended Complaint for failure to state a claim.

Plaintiff alleges he was involved in a traffic stop in March 2022 and "was given a notice to appear in Court but all charges were dropped by States Attorney Affrunti." (Doc. 1 at 2). In June

[1] Because this matter is before the Court on a motion to dismiss, the allegations are taken from Plaintiff's complaint or amended complaint.

2023, Davis alleges he was rearrested ... with updated charges by States Attorney." (*Id.*). According to the Amended Complaint, Davis alleges that he "was not given a notice to appear in court and instead was apprehended on a warrantless arrest." (Doc. 31). Davis also alleges he "was [given] a warrant because the states attorney fail[ed] to properly investigate the case involving a traffic [stop] where all information about my drivers license was available to the court." (*Id.*). Plaintiff's case was dismissed *nolle prosequi* the next month. (Doc. 1 at 6, 14).

## II. DISCUSSION

### A. Legal Standard

A 12 (b)(6) motion to dismiss tests the sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. (12)(b)(6). A complaint must contain sufficient factual matter that, when accepted as true, shows that the plaintiff is plausibly entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Naked assertions devoid of further factual enhancement" do not suffice. *Id.* (cleaned up). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *See Bell Atl. Corp.*, 550 U.S. at 547. The complaint must do more than assert a right to relief that is "speculative." *See Virnich v. Vonvald*, 664 F.3d 206, 212 (7th Cir. 2011).

### B. Analysis

As a prosecutor, State's Attorney Affrunti "is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). In Illinois, it is the state prosecutor's duty "[t]o commence and prosecute all actions, suits, indictments, and prosecutions, civil and criminal." 55 ILCS 5/3-9005(a)(1). This includes Affrunti's actions in the present case. Prosecutors are absolutely immune from "activities

in connection with the preparation and filing of . . . the information and the motion for an arrest warrant [is] clearly protected" as part of the advocate's function. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). In the present case, the amended complaint alleges that there was a warrantless arrest and therefore Affrunti acted outside the scope of his employment. (Doc. 32). However, the initial complaint highlights multiple attempts to provide Davis with notice and the motion for an arrest warrant. (Doc. 1 at 10). The actions undertaken by Affrunti are clearly within the scope of an advocate's function. Therefore, the Court dismisses the Amended Complaint on absolute immunity grounds because Affrunti was "acting in furtherance of his prosecutorial duties" when he requested an arrest warrant against Davis. *See Fields*, 672 F.3d at 510.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 32) is GRANTED. The claims asserted against the Defendant are barred in federal court by absolute prosecutorial immunity. Because the Court finds that further amendment would be futile, this case is Dismissed with Prejudice. The Clerk will enter judgment and terminate this case.

ENTER: October 1, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE